

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | § | |
|---|---|---|
| P CHYBA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:16-cv-00018-O |
| | § | |
| SLS et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |

### REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO SET ASIDE DEFAULT AND DEFENDANTS' MOTION TO DISMISS

Before the Court are Defendants' Motion to Set Aside the Clerk's August 2, 2016 Entry of Default, Brief in Support Thereof, and Proposed Order Relating Thereto (ECF No. 57), filed August 5, 2016; and Plaintiff's Verified Opposition to Defendants' Motion to Set Aside Clerk's Default (ECF No. 61), filed August 26, 2016. Also pending before the Court are Defendants' Notice of Motion and Motion to Dismiss Complaint Pursuant to F.R.C.P. 12(A)(6) [sic] (ECF No. 5), Memorandum of Points and Authorities in Support of Motion to Dismiss Complaint (ECF No. 6), and Defendants' Request for Judicial Notice in Support of their Motion to Dismiss Complaint (with Exhibits) (ECF No. 7), all filed July 24, 2015; Plaintiff's Verified Objection and Opposition to Defendant's [sic] Motion to Dismiss (ECF No. 15) filed on September 14, 2015; and Defendants' Reply Memorandum of Points and Authorities in Support of Motion to Dismiss Complaint (ECF No. 16) filed on September 23, 2015.

United States District Judge Reed O'Connor referred the case to the undersigned for pretrial management and for recommendation concerning case dispositive motions according to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1) by Order entered on July 1, 2016. ECF No.

50. An order granting a motion to set aside a default is a dispositive order to which the undersigned may only make a recommendation to Judge O'Connor. *Parks v. Collins*, 761 F.2d 1101, 1105-06 (5th Cir. 1985). A motion to dismiss for failure to state a claim is an enumerated motion on which the undersigned also may only make a recommendation. 28 U.S.C. § 636(b)(1)(A).

Based upon a full review of the relevant pleadings on file and applicable legal authorities, the undersigned RECOMMENDS that Judge O'Connor GRANT Defendants' Motion to Set Aside Default (ECF No. 57) because the Clerk's entry of default was improper. After consideration of Defendants' Motion to Dismiss (ECF No. 5), all relevant pleadings in opposition and support of the Motion, and the applicable legal authorities, the undersigned further RECOMMENDS that Judge O'Connor: (1) GRANT Defendants' Motion to Dismiss (ECF No. 5) with prejudice as to Defendant John Beggins on Counts Four and Five of the Second Amended Complaint only; (2) DENY Defendants' Motion to Dismiss as to the other Defendants on Counts Four and Five and as to all of the Defendants on Counts One, Two, and Three; and (3) ORDER that Defendants file their pleading in response to Plaintiff's Second Amended Complaint under Rule 12, Federal Rules of Civil Procedure, within 14 days after notice of the Court's action on this Report and Recommendation.

## I.   BACKGROUND

This case concerns claims of wrongdoing arising from a residential foreclosure in Crowley, Texas. P. Chyba ("Chyba") is a California resident who owned the house that was the subject of foreclosure. The Defendants are Specialized Loan Servicing, LLC ("SLS"), a company that serviced Chyba's mortgage and pursued the foreclosure; John Beggins ("Beggins"), SLS's chief executive officer; and Buckley Madole, P.C. ("Buckley"), SLS's legal counsel in the foreclosure proceeding. Chyba filed her Original Complaint against the current defendants, and other

defendants previously dismissed, on July 2, 2015 (ECF No. 1), an Amended Complaint on March 19, 2016 (ECF No. 31), and a Second Amended Complaint on April 25, 2016 (ECF No. 37). The Second Amended Complaint alleges violations of the Fair Debt Collection Practices Act (FDCPA) and various provisions of the Texas Property Code. ECF No. 37. In response to the Original Complaint (ECF No. 1), all of the originally named defendants, including the defendants in this case, filed a Motion to Dismiss (ECF No. 5) on July 24, 2015. Chyba filed Plaintiff's Verified Objection and Opposition to Defendants' Motion to Dismiss (ECF No. 15) on September 14, 2015. Defendants replied to Plaintiff's Objection and Opposition on September 23, 2015 (ECF No. 16). Subsequently, Chyba filed a Motion for Change of Venue (ECF No. 18) to transfer the case from the Southern District of California to the Northern District of Texas.

Considering the motion to dismiss and motion to transfer together, District Judge Sammartino of the Southern District of California conditionally granted Chyba's motion to transfer on the condition that Chyba agree to dismiss the action against all defendants except SLS and Beggins. Judge Sammartino also ordered the clerk to enter an order transferring the action and denying as moot Defendants' Motion to Dismiss, if Chyba so accepted. ECF No. 23 at 6. On January 11, 2016, Chyba accepted the court's terms and agreed to dismiss the action against all defendants except SLS and Beggins. ECF No. 24 at 2.

The clerk in the Southern District of California transferred the case to the Northern District of Texas on January 12, 2016 (ECF No. 25) without entering any other order regarding Defendants' Motion to Dismiss (ECF No. 5). On August 2, 2016, Chyba requested the Clerk of this Court to enter default against Defendants under Rule 55(a) and LR 55.3, swearing in her affidavit that Defendants "have failed to plead or otherwise defend." ECF No. 55; ECF No. 55-1 at 2. The Clerk entered default the same day. ECF No. 56. On August 5, 2016, Defendants filed

their Motion to Set Aside, requesting, in relevant part, that the default be set aside as improperly granted under Rule 55(a)(2). ECF No. 57 at 8. Chyba filed her Response and Objection to the Motion (ECF No. 61) on August 26, 2016, and Defendants filed their Reply (ECF No. 62) on September 9, 2016.

## II.  LEGAL STANDARD AND ANALYSIS

### A. DID DEFENDANTS "APPEAR" IN THE CASE, THUS PREVENTING THE CLERK'S ENTRY OF DEFAULT UNDER RULE 55?

Rule 55(a) requires the clerk, upon proper proof, to enter a default against a defendant who "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). "Appearance" for purposes of Rule 55 is not "confined to physical appearances in court or the actual filing of a document in the record." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Instead, an appearance is any act, including informal acts, on a defendant's part that are responsive to plaintiff's formal action and may be deemed "sufficient to give plaintiff a clear indication of defendant's intention to contest the claim." *Id.*; *see also Charlton L. Davis & Co. P.C. v. Fedder Data Center*, 556 F.2d 308, 309 (5th Cir. 1977) (Rule 55 requirement met by defendant's lawyer sending letter to and having a telephone conversation with plaintiff's counsel, though nothing filed of record). The filing of a motion to dismiss, even when rejected by the clerk, normally constitutes an appearance for purposes of Rule 55 as it should clearly convey an intent to contest the suit. *Sun Bank*, 874 F.2d at 277.

Defendants first filed their Notice of Motion and Motion to Dismiss (ECF No. 5) on July 24, 2015, clearly evincing an intent to contest the suit. Since then, Defendants have continuously filed responses, objections, and other documents with the Court, including Defendants' attorney's application for Admission Pro Hac Vice (ECF No. 45), filed May 2, 2016, which Judge O'Connor granted on May 3, 2016 (ECF No. 46), and Defendants' Scheduling and General Response (ECF

No. 51), filed July 22, 2016. Because Defendants have appeared in this action for purposes of Rule 55, the Clerk's entry of default was not proper, and the undersigned RECOMMENDS that Judge O'Connor GRANT Defendants' Motion to Set Aside Default (ECF No. 57).

### B. HAS PLAINTIFF FAILED TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED?

In considering a motion to dismiss for failure to state a claim, a court is to "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim that would entitle [her] to relief." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

"Normally, in deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint. However, courts may also consider matters of which they may take judicial notice." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996). Therefore, in ruling on a motion to dismiss, courts "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the

trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Particular to a *pro se* plaintiff's complaint, courts are to liberally construe the pleadings, taking all well-pleaded allegations as true. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Steele v. Grubbs*, No. 3:16-CV-1117-M-BK, 2016 WL 3029935, at *1 (N.D. Tex. May 3, 2016), *report and recommendation adopted,* No. 3:16-CV-1117-M-BK, 2016 WL 3030174 (N.D. Tex. May 25, 2016) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). But "even a liberally-construed *pro se* . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Texas at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the plaintiff's] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976).

    *i.*    *FDCPA Claims: 15 U.S.C. § 1692g and §1692f(6)*

Chyba alleges in Counts Four and Five of her Second Amended Complaint that the Defendants are liable under the FDCPA. Chyba has sued Defendant John Beggins individually and in his representative capacity as chief executive officer of SLS. However, she has failed to allege any facts that would support a claim that Beggins owed a legal duty to her or any action or inaction on his part that violated a legal duty owed to her. As a result, Counts Four and Five of her complaint against Beggins fail to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Because Chyba has had ample opportunity to plead facts and claims against Beggins in her Original Complaint and in the First and Second

6

Amended Complaints, the undersigned recommends that Judge O'Connor GRANT Defendants' Motion to Dismiss with prejudice as to Beggins on Counts Four and Five only.

With regard to the claims against SLS and Buckley in Counts Four and Five, although the Defendants assert that they are not "debt collectors" under the terms of the FDCPA, the Court cannot determine this important threshold issue based on the pleadings at this stage of the proceeding. Under certain circumstances, parties such as certain of the Defendants may be "debt collectors" within the purview of the FDCPA. *See Kaltenbach v. Richards*, 464 F.3d 524, 527 (5th Cir. 2006) (attorney retained to foreclose on mobile home could be "debt collector."). On other sets of facts, they may not be. *See Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) ("[A] debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned.").

As to Count Four of her Second Amended Complaint, Chyba asserts that she never received validation and original creditor's information, as required under 15 U.S.C. § 1692g. ECF No. 37 at 10. Defendants' Request for Judicial Notice in Support of their Motion to Dismiss Complaint (with Exhibits) (ECF No. 7) evidences Defendants' response and validation of debt apparently in compliance with the FDCPA, but the Court may not take judicial notice of the "fact" that the document provided was actually sent to Chyba by one or more of the Defendants. Evaluating the pleadings, documents attached to the pleadings, and facts of which this Court may take judicial notice, and construing the complaint in the light most favorable to the plaintiff, the Court finds that Chyba has stated a claim for relief that is sufficient to withstand a motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure. The undersigned RECOMMENDS that Judge O'Connor DENY the Motion to Dismiss of Defendants SLS and Buckley as to Count Four.

In Count Five of the Second Amended Complaint, Chyba reiterates the same validation allegations and alleged lack of response by Defendants in claiming a violation of 15 U.S.C. § 1692f(6). ECF No. 37 at 11. Specifically, she alleges that Defendants engaged in unfair practices by "taking or threatening to take nonjudicial action to effect dispossession or disablement of property if . . . there is not present right to possession of the property claimed as collateral through an enforceable security interest[.]" 15 U.S.C. § 1692f(6); ECF No. 37 at 11. According to the Deed of Trust attached to the pleadings, Defendants had the right to foreclose once Chyba defaulted and failed to cure. Defendants ultimately may prove in a motion for summary judgment that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law, but the facts are not adequately presented at this point for the Court to rule on the pleadings that Chyba has failed to state a claim for relief under Count Five. Construing the complaint in the light most favorable to Chyba, the undersigned RECOMMENDS that Judge O'Connor DENY the Motion to Dismiss of SLS and Buckley as to Count Five.

  *ii.* *Claims relating to foreclosure of the property*

In the first three counts of her Second Amended Complaint, Chyba alleges various violations by Defendants of the Texas Property Code that can be generally construed as "wrongful foreclosure" claims. ECF No. 37 at 7-10. SLS, Beggins, and Buckley did not address these counts in their Motion to Dismiss. The Court "is authorized to consider the sufficiency of the complaint on its own initiative[,] and if the court finds the complaint fails to state a claim, it may dismiss as long as the procedure employed is fair." *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 642 (5th Cir. 2007) (internal quotations and citations omitted). In this case, fairness dictates that the Court not anticipate defenses and arguments that the Defendants may or may not choose to pursue in response to the Second Amended Complaint that Chyba filed after the Defendants filed their

Motion to Dismiss. The undersigned therefore RECOMMENDS that Judge O'Connor DENY the Motion to Dismiss as it might relate to Counts One, Two, and Three of the Second Amended Complaint and ORDER the Defendants to file a responsive pleading as provided under Rule 12, Federal Rules of Civil Procedure, within the time period provided by the Rule.

## III.  CONCLUSION

Because Defendants appeared in this case by filing a Motion to Dismiss and taking further actions consistent with an intent to defend against Chyba's claims, the Request for Entry of Default (ECF No. 55) under Rule 55(a) and the Clerk's entry of default in response to the Request were improper. The undersigned RECOMMENDS that Judge O'Connor GRANT Defendants' Motion to Set Aside the Clerk's August 2, 2016 Entry of Default (ECF No. 57). Viewed in the light most favorable to the Plaintiff, the Second Amended Complaint states claims against the Defendants, except as to Defendant Beggins in regard to Counts Four and Five. Accordingly, the undersigned RECOMMENDS that Judge O'Connor: (1) GRANT Defendants' Motion to Dismiss (ECF No. 5) with prejudice as to Defendant John Beggins on Counts Four and Five of the Second Amended Complaint only; (2) DENY Defendants' Motion to Dismiss as to the other Defendants on Counts Four and Five and as to all of the Defendants on Counts One, Two, and Three; and (3) ORDER that Defendants file their pleading in response to Plaintiff's Second Amended Complaint under Rule 12, Federal Rules of Civil Procedure, within 14 days after notice of the Court's action on this Report and Recommendation.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the

specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**IT IS SO ORDERED** on September 15, 2016.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE